Todd M. Friedman (216752)
Meghan E. George (274525)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
mgeorge@toddflaw.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWINA PINON, individually and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>-vs-<br><br>TRISTAR PRODUCTS, INC., DOES 1-10, inclusive,<br><br>Defendant(s). | **CASE NO.:**<br><br>**CLASS ACTION COMPLAINT FOR BREACH OF WARRANTY, AND UNFAIR BUSINESS PRACTICES** |

## INTRODUCTION

1. Plaintiff brings this action against defendants Tristar Products, Inc. (Defendant) on behalf of all persons who purchased a 2015 Power Pressure Cooker XL (collectively the "Pressure Cookers"). The Pressure Cookers are defectively designed, and the faulty seals cause the pressure cookers to explode, causing serious injury and burns to the class members. In short, they cannot be

operated in the method which Tristar promises that it could. Defendants manufacture, design, test, recall, distribute and sell the Pressure Cookers.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the matter in controversy in this matter exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorneys' fees and costs. 28 U.S.C. Sections 1332(d), 1453, and 1711-1715.

3. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California while Defendant is a corporation incorporated under the laws of the State of Delaware.

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in the County of Fresno, State of California. Therefore, Defendant has sufficient minimum contacts with this state, and otherwise purposely avails itself of the markets in this state through the promotion, sale, and marketing of its products in this state, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

5. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Fresno State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a) is authorized to conduct business in this district and has intentionally availed itself of the laws and markets within this district;

(b) does substantial business within this district;

(c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

(d) the harm to Plaintiff occurred within this district.

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the County of Fresno, State of California. Plaintiff purchased a Power Pressure Cooker XL on December 17, 2015 for $209.92.

7. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of Pennsylvania, headquartered in New Jersey. Plaintiff further alleges that all times relevant herein Defendant conducted business in the State of California and in the County of Fresno, and within this judicial district.

8. The true names and capacities of the Defendants sued herein as Does 1-10 inclusive are currently unknown to Plaintiffs, who therein sued Defendants by such fictitious names. Each of the Defendant's designated herein as a Doe is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of court to amend the Complaint to reflect the true names and capacities of the Doe defendants when such identities become known.

9. At all times herein mentioned, each and every defendant was the owner, agent, servant, joint venturer and employee, each of the other and each was acting within the course and scope of its ownership, agency, service, joint venture and employment.

10. At all times mentioned herein, each and every defendant was the successor of the other and each assumes the responsibility for the defective products.

///

///

## FACTUAL ALLEGATIONS

11. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

## POWER PRESSURE COOKER XL

12. A Power Pressure Cooker XL is a trademark owned by Tristar Products Inc. According to the US Patent and Trademark Office, this trademark includes "Domestic kitchen applicance, namely, an electric combination sauce pan, steamer, slow cooker, cooking pot, rice cooker, dutch oven, pressure cooker, braiser, and stock pot."

13. The Power Pressure Cooker XL is sold in major retail stores throughout the united states, including Bed, Bath and Beyond, Walmart, Target, Sears, and numerous other retailers nationwide.

14. Tristar Products, Inc. describes the Power Pressure Cooker XL as having built-in safety features including a "Lid Safety Device" which "prevents pressure buildup,"; Pressure and Temperature Sensor Controls that maintain even heat and pressure; and a Spring Loaded Safety Pressure Release that, "should all safety features listed above fail," the Spring Loaded safety feature will cause the inner pot to separate from the rubber gasket to allow the steam and pressure to escape around the pot lid to "avoid a dangerous situation." All of this information is reflected in the manual for the Power Pressure Cooker XL. [1]

15. The Power Pressure Cooker XL is sold at market value for anywhere between $200-$300 dollars.

16. Because of the faulty safety features, consumers who purchased the Power Pressure Cooker XL are unable to use their Pressure Cookers in circumstances

[1] See http://www.powerpressurecooker.com/downloads/PPC_770_6QT_IB_TP_ENG_V5_140721_notrim.pdf

that Tristar expressly claimed they could be used. The claims are evidenced by the hundreds (if not thousands) of consumer complaints on the Internet.

17. In Plaintiff's case, Plaintiff utilized the Pressure Cooker in accordance with the rules laid out in the instruction manual.

18. While utilizing the Pressure Cooker, plaintiff's pressure cooker exploded; causing Plaintiff to suffer severe burns all over her body as the boiling liquid inside sprayed all over her.

19. The boiling juice from the meat Plaintiff had been cooking, and the boiling water inside the pressure cooker, exploded in Plaintiff's face. The liquid went all over Plaintiff's face, shoulder, and stomach, even burning Plaintiff's clothes onto her body. Plaintiff suffered many second degree burns and had to be rushed to the hospital. To date, Plaintiff has painful scars resulting from this incident.

20. Plaintiff was forced to incur monetary damages in the form of medical bills which were a direct result of her injuries caused by Defendant's faulty and flawed products, that were unsafe, and dangerous.

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action, on behalf of herself and all others similarly situated ("the Class") pursuant to Fed.R.Civ.P Rule 23(a) and (b)(3), or pursuant to Fed.R.Civ.P. Rule 23(a) and (b)(2), on their own behalf and on behalf of all others who purchased a 2014, 2015, and 2016 Power Pressure Cooker XL.

22. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23. There is a well-defined community of interest in the litigation, the proposed class is easily ascertainable, and Plaintiff is a proper representative of the Class because:

a. ***Numerosity***: The potential members of the Class as defined are so numerous and so diversely located throughout California and nationwide, that joinder of all the members of the Class impracticable. The class members are dispersed throughout California and nationwide. Joinder of all members of the proposed class is therefore not practicable.

b. ***Commonality***: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

i) whether Defendants have breached implied warranties;

ii) whether Defendants have breached express warranties;

iii) whether Defendants have breached common law warranties/contract;

iv) whether Defendants have violated the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.;

v) whether Defendants knew or should have known the Class Rangers were defective prior to selling or placing them into the stream of commerce; and

vi) The nature and extent of damages, restitution, equitable relief

vii) and/or other relief to which the Defendants' conduct entitles the Class members.

viii) The proper formula(s) for calculating and/or restitution owed to Class members.

c. ***Typicality***: Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members were deprived of property rightly belonging to them, arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein, in similar ways.

d. ***Adequacy of Representation*:** Plaintiff is a member of the Class and will fairly and adequately represent and protect the interests of the class members. Plaintiff's interests do not conflict with those of class members. Counsel who represent Plaintiff are competent and experienced in litigating large class actions, and will devote sufficient time and resources to the case and otherwise adequately represent the Class.

e. ***Superiority of Class Action:*** A class action is superior to other available methods for the fair and efficient adjudication of this litigation, because individual joinder of all Class members would be impracticable. Many such persons' losses are modest in relation to the expense and burden of individual prosecution of the litigation necessitated by Defendants' wrongful conduct. Even if all Class members could afford such individual litigation, the court system would benefit from a class action. The prosecution of separate claims by individual members of the Class would create a risk of inconsistent or varying adjudications concerning individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class, as well as create the potential for inconsistent or contradictory judgments. Furthermore, the prosecution of separate claims by individual members of the Class would create a risk of adjudications concerning individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the adjudications, or substantially impair or impede the ability of other members of the Class who are not parties to the adjudications

to protect their interests. Individualized litigation would also magnify the delay and expense to all parties and to the court system presented by the issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefit of comprehensive supervision by a single court, as well as economy of scale and expense.

## COUNT I

## BREACH OF EXPRESS WARRANTIES

24. Plaintiff hereby incorporates by this reference as if fully set further herein, each and every allegation set forth in the preceding paragraphs of this complaint.

25. Defendant is and was at all relevant times a merchant with respect to Power Pressure Cooker XL under California law.

26. In the course of selling the Power Pressure Cooker XL, Defendant expressly represented in writing that the Power Pressure Cooker XL was covered by a warranty against defects in material or workmanship, and that the warranty covered parts and labor charges for the repair or replacement of such defective parts.

27. Defendant breached the express warranty to repair and adjust to correct defects in materials and workmanship of any part supplied by Defendant.

28. The warranties were breached because the Power Pressure Cooker XL are not operational, safe, or reliable, nor did they comply with the warranties expressly made to purchasers. Defendant did not provide at the time of sale, and has not provided since then, products conforming to these express warranties.

29. Accordingly, Plaintiff seeks all remedies as allowed by law.

30. Also, as alleged in more detail herein, at the time that Defendant warranted and sold the products to consumers, it knew that the products did not

conform to the warranties and were inherently defective, and Defendants wrongfully and fraudulently misrepresented and/or concealed material facts regarding the products' inability to be used in standard conditions. Plaintiff and the Class were therefore induced to purchase the Pressure Cookers under false and/or fraudulent pretenses. The enforcement under these circumstances of any limitations whatsoever precluding the recovery of incidental and/or consequential damages is unenforceable as a matter of law.

31. Defendant's actions, as set forth above, constitute breach of express warranties in violation of the laws of California.

32. Defendant was provided adequate legal notice of these issues by numerous claims, including numerous individual letters and communications sent by Plaintiff and other members of the Class before or within a reasonable amount of time after Plaintiff and the Class members purchased their pressure cookers.

33. As a direct and proximate result of Defendant's breach of express warranties, Plaintiff and the Class have been damaged in an amount to be determined at trial.

**COUNT II**

**<u>BREACH OF IMPLIED WARRANTIES</u>**

34. Plaintiff hereby incorporates by this reference as if fully set further herein, each and every allegation set forth in the preceding paragraphs of this complaint.

35. A warranty that the Pressure Cookers were in merchantable condition was implied in law in the transactions, pursuant to California law.

36. The Pressure Cookers, when sold and at all times thereafter, were not in merchantable condition and are not fit for the ordinary purpose for which pressure cookers are used. Specifically, the pressure cookers are inherently

defective in that they do not properly seal, resulting in the covers coming off and steam and liquids burning the consumer, like the named Plaintiff herein. The result is that Pressure Cookers are inoperable as sold and are a safety danger to all consumers.

37. Defendant was provided notice of these issues by the numerous claims, individual letters and communications sent by Plaintiff and members of the Class before or within a reasonable amount of time of purchasing the pressure cookers. Plaintiff and Class members have had sufficient direct dealings with Defendant or its agents (retailers) to establish privity of contract. Notwithstanding this, privity is not required in this matter because Plaintiff and Class members are intended third party beneficiates of contracts between Defendant and its dealers; specifically, they are the intended beneficiaries of Defendant's implied warranties. Finally, privity is also not required because Plaintiff's and Class members' pressure cookers are dangerous instrumentalities due to the aforementioned defects and nonconformities.

38. As a direct and proximate result of Defendant's breaches of the implied warranties of merchantability and fitness for a particular purpose, pursuant to the laws of California, Plaintiff and the Class members have been damaged in an amount to be determined at trial.

39. Plaintiff and Class members are entitled to recover damages as provided by statute, costs, attorneys' fees, rescission and other relief as is deemed appropriate pursuant to the laws of California.

## COUNT III

## BREACH OF WARRANTY UNDER THE MAGNUSON-MOSS ACT, 15 U.S.C. §§ 2301, ET SEQ.

40. Plaintiff hereby incorporates by this reference as if fully set forth herein,

each and every allegation set forth in the preceding paragraphs of this complaint.

41. The defective pressure cookers at issue are "consumer products" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(1).

42. Plaintiff and Class members are "consumers" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(3)

43. Each Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-Moss Act, 15 U.S.C. § 2301(4)-(5).

44. Defendant impliedly warranted to Plaintiff and Class members that the Pressure Cookers were of merchantable quality and fit for the ordinary purposes for which they are used.

45. Defendant refuses to recognize or honor its implied warranties. Defendants breached their implied warranties, as the defective Pressure Cookers were not of merchantable quality and failed to perform in the ordinary purposes for which they were used.

46. Defendants warranted to Plaintiff and Class members that the Pressure Cookers were safe, and had built in safety features that would protect consumers against danger. In fact, the Pressure Cookers are not safe to operate, and the failsafe safety mechanisms did not protect Plaintiff and other class members from the dangerous condition of their defective products.

47. The amount in controversy of Plaintiff's and Class members' individual claims meets or exceeds the sum or value of $25. In addition, the amount in controversy meets or exceeds the sum or value of $75,000 (exclusive of interest and costs), computed on the basis of all claims to be determined in this suit.

48. Resorting to any further informal dispute settlement procedure or affording

Defendant another opportunity to cure their breach of implied warranties is unnecessary or futile. Defendant knew, reasonably should have known, or were reckless in not knowing of the defective pressure cookers and their inability to perform as warranted, but nevertheless failed to rectify the situation. Therefore, any remedies available through informal dispute settlement procedures would be inadequate under the circumstances. Accordingly, any requirement under the Magnuson-Moss Act or otherwise that Plaintiff resorts to informal dispute settlement procedures or afford Defendants a reasonable opportunity to cure their breaches of implied warranties is excused or has been satisfied.

49. As a proximate result of Defendant's breaches of implied warranties, Plaintiff and Class members have sustained damages and other losses in an amount to be determined at trial. Plaintiff and Class members are entitled to recover damages, costs, attorneys' fees, rescission, restitution and other relief as is deemed appropriate.

**COUNT IV.**

**VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.**

**[CALIFORNIA'S UNFAIR COMPETITION LAW]**

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

52. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair"

business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

53. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

***(a) Unlawful" Prong***

54. As a result of Defendant's acts and practices in violation of California's Automatic Renewal Statute, California's Bus. & Prof. Code § 17600, et seq., Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

55. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as adequately disclosing the terms of Defendant's automatic renewal offers and continuous service offers, as set forth by Cal. Bus. & Prof. Code § 17600, et seq.

56. Plaintiff and the putative class members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

***(b) "Unfair" Prong***

57. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits

attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently fail to adequately disclose the terms of Defendant's automatic renewal offers and continuous service offers, as set forth by Cal. Bus. & Prof. Code §§ 17600, et seq.

58. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

59. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to make automatic renewal offers and continuous service offers in the manner described above in herein, in violation of Cal. Bus. & Prof. Code §§ 17600, et seq. and Cal. Bus. & Prof. Code §§ 17200, et seq.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members damages against Defendant and relief as follows:

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all Class members pray that this Court issue:

- An order certifying this action as a class action and appointing Plaintiff as Class Representatives and their counsel as Class Counsel;
- An order requiring Defendants to pay Plaintiff and Class members an amount of actual, direct, incidental and consequential damages in an amount to be determined at trial;

- An order awarding restitution as to all causes of action where restitution is available;
- An order awarding revocation as to all causes of action where revocation is available;
- An order granting preliminary and permanent injunctive relief requiring Defendants to recall and replace or repair the defective Class Rangers, and prohibiting any further misleading or deceptive advertising campaigns for Class Rangers;
- An order awarding pre- and post-judgment interest;
- An award of reasonable attorney's fees and costs of suit as permitted by law; and
- For such other and further relief this Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Law Offices of Todd M. Friedman, P.C.

Dated: March 10, 2016 By: /s/ Todd M. Friedman

Todd M. Friedman, Esq.
Meghan E. George, Esq.
Attorneys for Plaintiffs and the Proposed Class