UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWINA PINON, et al.<br><br>Plaintiff,<br><br>v.<br><br>TRISTAR PRODUCTS, INC.,<br><br>Defendants. | No. 1:16-cv-00331-DAD-SAB<br><br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 19) |

This matter came before the court on July 19, 2016, for hearing of defendant's motion to dismiss pursuant to Federal Civil Procedure Rule 12(b)(1) for lack of Article III standing. Attorney Pamela Ferguson appeared on behalf of defendant Tristar Products, Inc. and attorney Meghan George appeared telephonically on behalf of plaintiff Edwina Pinon. After oral argument, the motion was taken under submission. For the reasons stated below, the defendant's motion to dismiss will be denied.

FACTUAL BACKGROUND

This action proceeds on plaintiff's First Amended Complaint ("FAC"), filed May 24, 2016, against defendant Tristar Products, Inc. ("Tristar"). (Doc. No. 17.) In the FAC, plaintiff asserts four causes of action: (1) breach of express warranty, (2) breach of implied warranty, (3) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, et seq., and (4) violation of the California Unfair Competition Law, California Business & Professions Code § 17200, et seq.

1

Plaintiff seeks to certify a nationwide class of all other purchasers of 2014, 2015, and 2016 Power Pressure Cooker XLs ("Pressure Cookers"). (*Id.* at ¶¶ 22, 24a.) In terms of relief, plaintiff seeks damages, attorney's fees and costs, and injunctive relief "requiring Defendants to recall and replace or repair the defective Pressure Cookers, and prohibiting any further misleading or deceptive advertising campaigns." (*Id.* at 15.)

In the FAC, plaintiff alleges the following. On December 17, 2015, plaintiff purchased a 2015 Pressure Cooker. (Doc. No. 17 at 3, ¶ 6.) The Power Pressure Cooker XL is a trademark owned by Tristar Products, Inc., a company that manufactures, designs, tests, and distributes Pressure Cookers. (*Id.* at 1, 4 ¶¶ 1, 12.) The trademark includes "an electric combination sauce pan, steamer, slow cooker, cooking pot, rice cooker, dutch oven, pressure cooker, braiser, and stock pot." (*Id.* at 4, ¶ 12.) After purchasing the Pressure Cooker, plaintiff used the product in accordance with the directions set forth in the instruction manual. (*Id.* at 5, ¶ 17.) The machine exploded during use. (*Id.* at 5, ¶ 18.) As a result of the explosion, plaintiff suffered personal injuries and incurred medical expenses. (*Id.* at 5, ¶¶ 19–20.)

According to plaintiff, defendant manufactured and sold Pressure Cookers that were "defectively designed," with "faulty seals [that] cause the pressure cookers to explode," and other "faulty safety features." (*Id.* at 1, 5, ¶¶ 1, 16.) Because of these defects, consumers purchasing the Pressure Cookers were "unable to use their [machines] in circumstances that Tristar expressly claimed they could." (*Id.* at 5, ¶ 16.) Defendant Tristar also "wrongfully and fraudulently misrepresented and/or concealed material facts regarding the products' inability to be used in standard conditions." (*Id.* at 9, ¶ 31.) Plaintiff and the class "were therefore induced to purchase the Pressure Cookers under false and/or fraudulent pretenses." (*Id.*) Finally, plaintiff alleges that she is "likely to purchase another Pressure Cooker in the future, and thus, is likely to be similarly misled by Defendant's claims unless the product is recalled and the design and safety defect as stated herein, remedied." (*Id.* at 5, ¶ 21.)

On June 10, 2016, defendant filed a motion to dismiss plaintiff's claims for injunctive relief. (Doc. No. 19.) On July 5, 2016, plaintiff filed an opposition to defendant's motion to dismiss. (Doc. No. 20.) Defendant filed a reply on July 12, 2016. (Doc. No. 22.)

## LEGAL STANDARDS

Defendant moves to dismiss plaintiff's injunctive relief claim for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that plaintiff has not sufficiently alleged Article III standing.

Federal Rule of Civil Procedure 12(b)(1) allows a defendant, by motion, to raise the defense that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. Federal district courts generally have subject matter jurisdiction over civil cases through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1068 (9th Cir. 2005). In a motion to dismiss for lack of subject jurisdiction, a defendant may either attack the allegations of the complaint or may attack the existence of subject matter jurisdiction in fact. *Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to show the existence of jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, "the nonmoving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Sea Vessel Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994) (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). Accordingly, the factual allegations of the complaint are presumed to be true, and the motion is to be granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. *See Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003); *Miranda v. Reno*, 238 F.3d 1156, 1157 n.1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. *Safe Air for Everyone*, 373 F.3d at 1039.

Here, defendants have mounted a facial attack to subject matter jurisdiction, contending that the allegations of plaintiff's complaint are insufficient on their face to show the existence of jurisdiction. (See Doc. No. 19-1 at 6.) Accordingly, the factual allegations of plaintiff's

complaint are presumed to be true and the court is to draw all reasonable inferences in the plaintiff's favor.[1] *Leite v. Crane Company*, 749 F.3d 1117, 1121 (9th Cir. 2014).

## ANALYSIS

"A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and Article III federal courts lack subject matter jurisdiction over such suits." *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir. 2015) (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir.2004)). "If a plaintiff lacks Article III standing, Congress may not confer standing on that plaintiff by statute." *Id.* To satisfy Article III standing requirements, a plaintiff must show that:

> "(1) [they] have suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision."

*Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S. 167, 180–181 (2000). *See also Buono v. Norton*, 371 F.3d 543, 546 (9th Cir. 2004). A plaintiff must demonstrate standing "with respect to each form of relief sought, whether it be injunctive relief, damages, or civil penalties." *See Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc). *See also Haro v. Sebelius*, 747 F.3d 1099, 1108 (9th Cir. 2013) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)). In a class action, Article III standing is satisfied if at least one named plaintiff meets the requirements, and it is plaintiff's burden to demonstrate that jurisdictional requirements are met. *Bates*, 511 F.3d at 985; *see also Hodgers–Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief.").

---

[1] On the other hand, when a party brings a factual attack on subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. *See Thornhill Publ'g Co.*, 594 F.2d at 733. Where such a factual attack is mounted, the plaintiff thus has the burden of establishing that subject matter jurisdiction does in fact exist. *Id.* "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

To establish Article III standing with respect to injunctive relief, a plaintiff must show "a sufficient likelihood that [he or she] will again be wronged in a similar way." *Bates*, 511 F.3d at 985 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)). To meet this requirement, a plaintiff must establish a "real and immediate threat" of repeated injury. *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974). Past wrongs do not by themselves amount to real and immediate threats of injury. *See San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996); *see also O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effect."). However, "past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury." *O'Shea*, 414 U.S. at 496. "In addition, the claimed threat of injury must be likely to be redressed by the prospective injunctive relief." *Bates*, 511 F.3d at 985–86.

The Ninth Circuit has not addressed the specific question posed by the pending motion to dismiss. Moreover, district courts within this circuit are divided about whether a plaintiff seeking to bring injunctive relief claims over deceptive labeling can establish Article III standing once they are already aware of an alleged misrepresentation. *See, e.g.*, *Dean v. Colgate-Palmolive Co.*, No. EDCV 15-0107 JGB (DTBx), 2015 WL 3999313, at *8 (C.D. Cal. June 17, 2015) (noting that "courts in this circuit have split on how to handle this issue"). Some district courts have concluded that a plaintiff cannot do so under such circumstances. *Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189-BLF, 2015 WL 2125004, at *7 (N.D. Cal. May 6, 2015); *Anderson v. The Hain Celestial Group, Inc.*, 87 F. Supp. 3d 1226, 1233–35 (N.D. Cal. 2015); *Ham v. Hain Celestial Group, Inc.*, 70 F. Supp. 3d 1188, 1196 (N.D. Cal. 2014); *Garrison v. Whole Foods Mkt. Grp., Inc.*, No. 13-cv-05222-VC, 2014 WL 2451290, at *5 (N.D. Cal. June 2, 2014); *Castagnola v. Hewlett–Packard Co.*, No. C 11-05772 JSW, 2012 WL 2159385, at *6 (N.D. Cal. 2012); *Laster v. T–Mobile USA, Inc.*, No. 05cv1167, 2009 WL 4842801, at *3–4 (S.D. Cal. 2009), *vacated on other grounds by Laster v. T-Mobile USA, Inc.*, 466 Fed. Appx. 613 (9th Cir. 2012). These courts generally have reasoned that plaintiffs who are already aware of the deceptive nature of an advertisement are not likely to be misled into buying the relevant product

in the future and, therefore, are not capable of being harmed again in the same way. *See Machlan v. Procter & Gamble Co.*, 77 F. Supp. 3d 954, 960 (N.D. Cal. 2015); *Burns v. Tristar Products, Inc.*, No. 14-cv-749-BAS (DHB), 2014 WL 3728115, at *3 (S.D. Cal. July 25, 2014); *see also Castagnola*, 2012 WL 2159385, at *6 (finding that plaintiffs lacked standing because they "now have knowledge of the terms and conditions of the program"); *Laster*, 2009 WL 4842801, at *3–4 (finding that plaintiffs lacked standing because "Plaintiffs' knowledge precludes them from showing likelihood of future injury").

Other district courts in California have found that a plaintiff can have standing to pursue injunctive relief even if aware of a misleading representation. *See, e.g.*, *Duran v. Creek*, No. 3:15-cv-05497-LB, 2016 WL 1191685, at *7 (N.D. Cal. Mar. 28, 2016) ("[T]he court is not persuaded that injunctive relief is never available for a consumer who learns after purchasing a product that the label is false."); *Dean*, 2015 WL 3999313, at *8; *Lanovaz v. Twinings North America, Inc.*, No. C-12-02646-RMW, 2014 WL 46822, at *9–10 (N.D. Cal. Jan. 6, 2014); *Koehler v. Litehouse, Inc.*, No. CV 12-04055 SI, 2012 WL 6217635, at *6–7 (N.D. Cal. Dec. 13, 2012); *Larsen*, 2012 WL 5458396, at *4; *Ries v. Ariz. Bevs. USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012). These courts have generally found that a real threat of future injury may still exist after a plaintiff becomes aware of misrepresentations, because a plaintiff who has been so deceived might buy a product that matched the label representations or, on the other hand, may no longer be able to confidently rely on defendant's representations and may refrain from purchasing defendant's products in the future. *See Duran*, 2016 WL 1191685 at *7; *Lilly v. Jamba Juice Company*, No. 13-cv-02998-JST, 2015 WL 1248027, at *3–5 (N.D. Cal. Mar. 18, 2015); *Ries*, 287 F.R.D. at 533. Some of these same courts have also found that a narrow construction of Article III precluding standing under such circumstances would frustrate the intent of the legislature in creating consumer protection statutes, because it would effectively bar previously-injured consumers from ever seeking injunctive relief. *See Ries,* 287 F.R.D. at 533 (noting defendant's argument would mean that "injunctive relief would never be available in false advertising cases, a wholly unrealistic result"); *Koehler*, 2012 WL 6217635 at *6; *Larsen*, 2012 WL 5458396, at *4 (opining that precluding standing in these cases "would eviscerate the intent

of the California legislature"); *Henderson v. Gruma Corp.*, No. CV 10-04173 AHM (AJWx), 2011 WL 1362188, at *7 (C.D. Cal. Apr. 11, 2011) (observing that finding a lack of standing for injured plaintiffs "would surely thwart the objective of California's consumer protection laws); *see also Gold v. Lumber Liquidators, Inc.*, No. 14-cv-05373-TEH, 2015 WL 7888906, at *13 (N.D. Cal. Nov. 30, 2015) ("[Defendants] should not be able to escape injunctive relief, and continue with the alleged unlawful practices, merely by making them known to the subset of consumers who happen to presently be suing.")[2].

Many courts following this latter line of reasoning do, however, require plaintiffs to allege an intent to purchase defendant's products in the future before finding a sufficient threat of future injury. *See Rahman v. Mott's LLP*, No. CV 13-3482 SI, 2014 WL 325241, at *10 (N.D. Cal. Jan. 29, 2014) (rejecting the argument that plaintiff lacked standing because he was aware of misrepresentations, but holding that the "plaintiff must allege that he intends to purchase the products at issue in the future"); *cf. Duran*, 2016 WL 1191685, at *7 (finding that plaintiffs could have standing to pursue injunctive relief claims even if aware of misrepresentations, but standing would be lacking if they would not have bought an accurately-advertised version of the product); *Delarosa v. Boiron, Inc.*, No. SACV 10-1569-JST (CWx), 2012 WL 8716658, at *5 (C.D. Cal. Dec. 28, 2012) (finding that plaintiffs did not have standing to bring injunctive relief claims because "Plaintiff has unequivocally stated that . . . she will not purchase the product again"). *But see Phillips v. Apple Inc.*, No. 15-CV-04879-LHK, 2016 WL 1579693, at *9 (N.D. Cal. Apr. 19, 2016) (acknowledging that "a number of district courts within this circuit have . . . held that a plaintiff has standing to seek injunctive relief regarding allegedly misleading advertising even if the plaintiff does not claim that the plaintiff is still interested in buying the defendant's product").

---

[2] Defendants have argued that the only decisions to have applied this rationale are "food cases" which should not be applied in this case involving alleged misleading or deceptive advertising with respect to a pressure cooker. (*See* Doc. No. 22 at 3-5.) However, the court notes that the district court in *Gold* reached its conclusion, not in the context of an alleged mislabeling of food or beverage, but rather in the context of a case alleging a failure to disclose defects and the making of misrepresentations regarding the qualities and characteristics of bamboo flooring. *See*, 2015 WL 7888906 at *1–2, 13 ("The Court finds the reasoning in *Henderson* and *Jamba Juice* to be compelling. Though those were mislabeling cases, rather than omissions cases, their rationale applies with equal force to the case at hand.").

1    In moving to dismiss plaintiff's FAC, defendant argues that this court lacks subject matter
2    jurisdiction over plaintiff's injunctive relief claims because plaintiff has not sufficiently alleged
3    Article III standing. (Doc. No. 19-1 at 8.) In particular, defendant contends that plaintiff has
4    alleged only a past wrong, and has not alleged a sufficient likelihood that she will be wronged
5    again in a similar way. (*Id.* at 8–9.) Defendant states that the nature of plaintiff's alleged injury,
6    one claimed to have been caused by defendant's fraudulent misrepresentation, is such that
7    plaintiff cannot be similarly harmed in the future. (*Id.* at 9, 14–15.) Defendant emphasizes that
8    plaintiff is especially unlikely to purchase the Pressure Cooker again given her stated
9    dissatisfaction with the product. (*Id.* at 11–12.) Because plaintiff cannot establish standing in her
10   own right, defendant concludes, she cannot advance the injunctive relief claim on behalf of a
11   class. (*Id.* at 15.)

12   Plaintiff counters, arguing that she does have Article III standing to pursue injunctive
13   relief claims. (Doc. No. 20.) Plaintiff acknowledges that Article III standing requires her to
14   plead a likelihood of future injury. (*Id.* at 8.) However, plaintiff notes that in the FAC she alleges
15   that she is likely to purchase another pressure cooker in the future. (*Id.* at 10.) Plaintiff notes
16   courts are split as to whether standing to bring injunctive relief claims over defective products
17   requires intent to purchase the product in the future, and argues that the court should follow the
18   line of cases that does not impose this requirement. (*Id.* at 8–10.) Finally, plaintiff contends that,
19   in the event the court decides plaintiff does not have Article III standing to pursue injunctive
20   relief claims, the court should sever the injunctive relief claims and remand to state court, or grant
21   plaintiff leave to amend. (*Id.* at 15.)

22   In reply, defendant recognizes that some district courts have found plaintiffs have Article
23   III standing to pursue injunctive relief over deceptive labeling despite already being aware of an
24   alleged misrepresentation. However, defendant argues that this court should decline to do so,
25   because such decisions rely on "the erroneous notion that public policy considerations could
26   override the stringent standing requirements of Article III." (Doc. No. 22 at 4.) Defendant also
27   argues that such decisions are inapplicable because they can be factually distinguished from the
28   present case. (*Id.* at 5.) In particular, and as noted above, defendant observes that the cases

8

finding Article III standing in such circumstances involve deceptive labeling of food items rather than mechanical or other products, and involved plaintiffs who did not suffer serious physical injury. (*Id.*)

This court finds the reasoning of the decisions in *Duran, Dean*, *Lanovaz, Koehler, Larsen*, *Ries* and those other district courts that have reached similar conclusions to be persuasive. In considering this facial attack to subject matter jurisdiction, the factual allegations of plaintiff's complaint are presumed to be true and all reasonable inferences therefrom are to be drawn in the plaintiff's favor. *See Savage*, 343 F.3d at 1039 n.1. Here, the FAC expressly pleads intent to purchase defendant's products in the future, alleging that "Plaintiff is likely to purchase another Pressure Cooker in the future, and thus, is likely to be similarly misled by Defendant's claims." (Doc. No. 17 at 5, ¶ 21.) This allegation is sufficient to plead a real and immediate threat of continued injury, as recognized by the decisions discussed above. That is all that is required.

Accordingly, the court finds that plaintiff has alleged sufficient facts to demonstrate her standing with respect to the relief sought in this action, including injunctive relief.

## CONCLUSION

For all of the reasons stated above, defendant's motion to dismiss (Doc. No. 19) is denied.

IT IS SO ORDERED.

Dated: **August 31, 2016**  _____
UNITED STATES DISTRICT JUDGE